**BEALL CONSTRUCTION COMPANY, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION et al., Respondents.**

**No. 74–1297.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1974.

Decided Dec. 18, 1974.

---

McNeill Stokes, Atlanta, Ga., for petitioner.

David M. Cohen, Atty., App. Section, Civ. Div., Dept. of Justice, Washington, D. C., for respondents.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and MEREDITH, Chief District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

The Petitioner in this matter has taken a timely appeal from an Order of the Occupational Safety and Health Review Commission (Commission) imposing a $620 fine for one serious violation and four nonserious violations of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 et seq.). This court has jurisdiction under 29 U.S.C. § 660(a).

In this court Petitioner contends: (1) the Occupational Safety and Health Act of 1970 and its enforcement procedures established by §§ 5, 6, 8, 9, 10, 11, 12 and 17 of the Act are unconstitutional on

* The Honorable James H. Meredith, Chief Judge, Eastern District of Missouri, sitting by designation.

their face as well as applied; (2) the Commission's findings that Petitioner violated several OSHA regulations are not supported by substantial evidence and; (3) that as the prevailing party in this matter, Petitioner is entitled to costs and expenses for defending itself against the alleged violations of the OSHA regulations. On the basis of the facts of this case, we affirm.

Petitioner is a medium-sized contracting firm which during the time in question was a general contractor for construction of a multi-story building in Fremont, Nebraska. As a result of a routine inspection on November 5, 1971, by OSHA compliance officers Petitioner was cited for eight nonserious violations of 29 U.S.C. § 654(a)(2), including a citation for improper guarding of elevator shaft openings above the second floor. These citations and proposed penalties totalling $1,275 became final and nonreviewable pursuant to 29 U.S.C. § 659(a) when Petitioner failed to contest them within the prescribed 15 day period.[1]

On January 19, 1972 two compliance officers reinspected Petitioner's job site to determine whether the above described violations had been corrected. As a result of this reinspection the OSHA regional officer pursuant to 29 U.S.C. § 659(b) notified Petitioner on February 11, 1972 that it had failed to abate the elevator shaft violation originally discovered in the November 5th inspection. A proposed penalty of $31,744 was assessed for the nonabatement over a 42 working day period. In addition the OSHA regional officer also issued citations alleging a serious violation of suspension scaffold regulations (29 C.F.R. §§ 1926.451(a)(1), (i)(1), (i)(4), (i)(11)) and nonserious violations pertaining to stairway illumination (29 C.F.R. § 1926.56(a)), protection from exposed

light bulbs (29 C.F.R. § 1926.401(j)(1)), the proper storage of compressed gas cylinders (29 C.F.R. § 1926.350(a)(9)), the duty of employers to develop fire protection programs (29 C.F.R. § 1926.-150(a)(1)), the employer's duty to keep debris cleared from work areas (29 C.F.R. § 1926.25(a) and (b)), and to disposal of garbage and waste materials at frequent intervals (29 C.F.R. § 1926.-25(c)). Penalties totalling $3,698 were proposed for the latter alleged violations.

Pursuant to 29 U.S.C. § 659(a), (b) Petitioner contested the citations resulting from the January 19th inspection before an Administrative Law Judge. The Administrative Law Judge ruled that the elevator shaft openings had been properly barricaded after the November 5th inspection and vacated the proposed penalty of $31,744.[2] The Judge, however, held that there was substantial evidence to support a finding that there was an improper erection of a suspension scaffold and that a penalty of $850 was proper. With respect to the nonserious violations, the Administrative Law Judge found supporting evidence and imposed a fine of $722.50.

The Commission on review of the Administrative Law Judge's findings affirmed as to the existence of the violations but reduced the penalty on the scaffolding violation from $850 to $300 and the penalties for nonserious violations from $722.50 to $320, making a total penalty imposed of $620. Petitioner has petitioned pursuant to 29 U.S.C. § 660(a) for review by this court of the Commission's final decision.

Petitioner initially challenges the constitutionality of §§ 5, 6, 8, 9, 10, 11, 12 and 17 of the Occupational Safety and Health Act of 1970. Section 5(a)(1) of the Act (29 U.S.C. § 654(a)(1)) requires employers to "furnish to each of his em-

---

1. The enforcement of the $1275 in penalties which under 29 U.S.C. § 659(a) became final and nonreviewable is not before us in this appeal. Hence we express no view on the validity of § 659(a).

2. The Administrative Law Judge and the Commission both vacated the penalty of $31,-

744. The Secretary has not appealed from such determination. Much of Petitioner's Brief is directed to such issue. Since Petitioner has obtained complete relief from the $31,744 penalty, the discussion has no relevancy except on the Petitioner's claim for costs and attorneys' fees, *infra*.

ployees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." Section 5(a)(2) (29 U.S.C. § 654(a)(2)) requires employers to comply with the occupational safety and health standards promulgated under the Act. Section 6 (29 U.S.C. § 655) authorizes the Secretary of Labor to promulgate occupational safety and health regulations. Pursuant to this statutory authority the Secretary has promulgated detailed safety regulations. *See* 29 C.F.R. § 1926 et seq. Violation of § 5 (general duty clause or promulgated regulation) makes an employer liable for "civil penalties" under § 17 of the Act (29 U.S.C. § 666). Sections 8, 9, 10, 11 and 12 (29 U.S.C. §§ 657–661) provide authority for job site inspections, issuance of citations to employers, enforcement procedures such as notification of employers of proposed penalties, and procedures for agency and judicial review.

 Petitioner contends that the penalties imposed under § 17 of the Act (29 U.S.C. § 666) are penal or criminal in nature and thus entitle an employer to such rights as trial by jury, proof beyond a reasonable doubt, and confrontation of witnesses. Denial of these rights, alleges Petitioner, is a violation of amendments five and six to the federal constitution. The Eighth Circuit has considered and held against Petitioner on this argument. American Smelting & Ref. Co. v. OSHRC, 501 F.2d 504, 515 (8th Cir. 1974); *see* Frank Irey, Jr., Inc. v. OSHRC, No. 73–1765 (3d Cir. Nov. 4, 1974). We find a clear intention on the

part of Congress to create a civil sanction. Accordingly, we hold that the penalties involved in this case were regulatory rather than punitive. Thus, the procedural rules governing criminal prosecutions are not applicable. *See* Helvering v. Mitchell, 303 U.S. 391, 399–400, 58 S.Ct. 630, 82 L.Ed. 917 (1938). As to the question of whether Petitioner was entitled to a jury trial in the administrative proceedings, the Supreme Court has held that parties in a proceeding before an administrative agency are not entitled to a jury trial. Pernell v. Southall Realty, 416 U.S. 363, 383, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974); Curtis v. Loether, 415 U.S. 189, 194, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). With *de novo* review by the Commission preserved to employers, the denial of a jury trial is not a violation of the seventh amendment. *See* Frank Irey, Jr., Inc. v. OSHRC, *supra*, Slip at 9 n. 11.

 Petitioner contends that § 10 [3] of the Act (29 U.S.C. § 659(a), (b)) denies an employer procedural due process by permitting the Secretary of Labor to assess penalties without giving employers a chance to be heard. Section 10 requires employers to contest a citation by the Secretary following an inspection within fifteen days from the receipt of notice of the citation. Failure to contest within this period results in the citation and penalty being deemed a final order of the Commission and not subject to review by any court or agency. We find it unnecessary, however, to decide whether 29 U.S.C. § 659(a), (b) deprive an employer of procedural due process. Petitioner filed timely notice with the Secretary of his intention to contest the

---

**3.** 29 U.S.C. § 659(a) provides:

If, after an inspection or investigation, the Secretary issues a citation under section 658(a) of this title, he shall, within a reasonable time after the termination of such inspection or investigation, notify the employer by certified mail of the penalty, if any, proposed to be assessed under section 666 of this title and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty.

If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) of this section within such time, the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

citations pursuant to 29 U.S.C. § 659(a), (b).[4] Petitioner was afforded a hearing before an Administrative Law Judge pursuant to 29 U.S.C. §§ 659(c), 661(i) and 5 U.S.C. § 554 (Administrative Procedure Act). After a hearing the Administrative Law Judge made written findings of fact and conclusions of law vacating in part and modifying in part the Secretary's proposed penalties. Vacated were proposed penalties for failing to abate the earlier violation of improper guards for elevator shaft openings, penalties for portions of a serious scaffold violation, penalties for alleged use of a defective ladder, penalties for the existence of unsanitary toilet facilities, and penalties for use of improper use of containers storing inflammable materials. Penalties were imposed for the use of an improperly secured swinging scaffold, use of unguarded temporary lighting fixtures, inadequate lighting in stairwells, failure to develop an adequate fire protection program, deficient housekeeping practices, and failure to secure stored compressed gas cylinders. Although an employer has no absolute right to have the Administrative Law Judge's decision reviewed by the three member Commission, review of the decision may be granted upon a petition by an aggrieved party to a Commissioner requesting discretionary review. 29 U.S.C. § 661(i); 29 C.F.R. § 2200.91 (1973). Such review was sought by Petitioner and granted by the Commission. The Commission's *de novo* review, Brennan v. Occupational Safety & Health Review Comm'n, 487 F.2d 438, 441 (8th Cir. 1973), resulted in an affirmance of the Administrative Law Judge's decision in regard to the existence of the violations but with a substantial reduction in the amount of penalties imposed.[5] From the foregoing it appears that Petitioner was given timely notice of proposed penalties by the Secretary and an opportunity to be heard. A hearing was held at which Petitioner was allowed to cross-examine the Secretary's witnesses and present evidence of its own. We conclude upon the facts of this case Petitioner was not denied procedural due process of law.

Additionally, Petitioner argues that §§ 9 and 10 of the Occupational Safety and Health Act (29 U.S.C. §§ 658, 659) are an unconstitutional delegation of power to the Secretary of Labor in violation of Article III, § 1 of the United States Constitution which provides in pertinent part:

> The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.

■ The Third and Fourth Circuit Courts of Appeal have considered and rejected Petitioner's contention that the Act creates an unconstitutional delegation of power. Frank Irey, Jr., Inc. v. OSHRC, No. 74–1765 (3d Cir. Nov. 4, 1974); McLean Trucking Co. v. OSHRC, 503 F.2d 8 (4th Cir. 1974). The delegation of adjudicative functions to an administrative agency with special expertise in the subject matter, with the right of judicial review retained, does not violate the separation of powers principle found in Article III, § 1 of the federal constitution.

In its Brief Petitioner argues:

> [W]hen the power to increase penalties upon notice of contest is combined with the power initially to announce penalties at smaller levels than the maximum in the statutory scheme, there is an unconstitutional deterrent on the employer's exercise of his right

---

4. The penalties imposed by the Secretary following the January 19, 1972 reinspection were for both original violations discovered that day, and for continuing violations resulting from nonabatement. Thus Petitioner filed notices pursuant to § 659(a) (original citations) and § 659(b) (continuing violation for failure to abate elevator shaft hazard).

5. The decision of the Commission was by a 2–1 vote with Commissioner Moran dissenting. Secretary of Labor v. Beall Const. Co., OSHRC Docket No. 557 (Feb. 21, 1974).

The net penalty was reduced from $1572.50 down to $620. The majority decision justified the modification of the penalties for each violation by an assessment of the number of workers actually affected by the violations.

to contest. *Cf.* North Carolina v. Pearce, 395 U.S. 711, 725 [89 S.Ct. 2072, 23 L.Ed.2d 656] (1969).

In the case before us the original penalties were reduced by the Administrative Law Judge from $35,442 to $1572.50 and were further reduced by the Commission to $620. The only increase in penalty is found with respect to an inadequate fire protection charge. The penalty initially assessed was $297.50. The Administrative Law Judge reduced the penalty to $42.50. The Commission rounded out this penalty to $45. This $2.50 increase is de minimis and hence under the facts of this case we need not reach the issue of whether the Commission can increase the penalty.

■■■ Petitioner contends on appeal that the Commissioner's findings are not supported by substantial evidence on the record as a whole. The scope of judicial review by a court of appeals is provided in § 11(a) of the Act (29 U.S.C. § 660(a)):

> The findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive.

Thus, we are bound to apply the substantial evidence test to the Commission's findings of fact. Brennan v. Occupational Safety & Health Review Comm'n, 487 F.2d 438, 442 (8th Cir. 1973). In our review of the record as a whole, including the transcript of evidence produced before the Administrative Law Judge, we find substantial evidence to support the Commission's findings that Petitioner violated 29 C.F.R. §§ 1926.451(a)(1), (i)(4) (defective scaffold);[6] 29 C.F.R. § 1926.401(j)(i) (defective lighting); 29 C.F.R. § 1926.150(a)(1) (inadequate fire protection program); 29 C.F.R. §§ 1926.25(a), (b) (inadequate housekeeping); and 29 C.F.R. § 1926.-350(a)(9) (improper storage of compressed gas cylinders). We affirm the Commission's findings as to the existence of the alleged violations.

■■ The assessment of penalties by the administrative agency is not a factual finding but the exercise of a discretionary grant of power. Brennan v. Occupational Safety & Health Review Comm'n, *supra.* Our review of such penalties is whether there has been an abuse of discretion. *Id.* In reducing the penalties the Commission considered such facts as Petitioner's good faith and some apparent animosity between the regional office and Petitioner. Petitioner was not penalized additionally for his prior violations. We find no abuse of discretion on the part of the Commission in assessing penalties totalling $620.

■ In its final argument Petitioner contends that "[a]s the prevailing party in this matter, [it] should have been granted its costs and expenses for defending against the alleged violations of the OSHA Regulations." Petitioner characterizes the charges against it by the Secretary as "vexatious, frivolous, or malicious." Statutory authority cited for the granting of costs, including attorneys' fees, is 28 U.S.C. § 2412 which provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title *but not including the fees and expenses of attorneys* may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. A judgment for costs when taxed against the Government shall, in an amount established by statute or court rule or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by him in the litigation. Payment of a judgment for costs shall be

---

**6.** With respect to the serious violations the Commissioner found that the only method used by Petitioner to secure the swinging scaffold was a 500 lb. concrete block set on the inboard ends of two outrigger beams. OSHA regulations specifically provide that concrete blocks shall not be used to support scaffolds. 29 C.F.R. § 1926.451(a)(2). Moreover, no tiebacks were used as secondary means of anchorage as required by 29 C.F.R. § 1926.451(i)(4).

as provided in section 2414 and section 2517 of this title for the payment of judgments against the United States. (Emphasis added).

Expressly excluded as recoverable costs are attorneys' fees. *See* Wilderness Society v. Morton, 495 F.2d 1026, 1036 (D.C.Cir. 1974). Moreover, to recover costs under § 2412 a litigant must be the "prevailing party." Petitioner succeeded in obtaining reductions or even dismissal of some alleged citations but could not be said to be a "prevailing party" in view of the Commission's findings and our affirmance of those findings. Accordingly, Petitioner is not entitled to judgment for costs or attorneys' fees.

We hold that under the facts of this case Petitioner has not demonstrated that any of his constitutional rights have been violated. Petitioner has had a full and fair hearing both before the Administrative Law Judge and the Commission on the penalties assessed. We limit our holding on the constitutional issues to the facts of this case.

The decision of the Commission is affirmed. Judgment will be entered for the penalties imposed by the Commission.