**FELTON CONSTRUCTION COMPANY, a corporation, Petitioner.**

**v.**

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Respondent.**

**No. 74–2047.**

United States Court of Appeals, Ninth Circuit.

June 16, 1975.

Sam E. Haddon (argued), Missoula, Mont., for petitioner.

Allen H. Sachsel (argued), Washington, D. C., for respondent.

OPINION

Before TUTTLE,* KOELSCH and BROWNING, Circuit Judges.

KOELSCH, Circuit Judge:

Felton Construction Company (Felton) petitions for review [1] of an order of the Occupational Safety and Health Review Commission (the Commission), in which the Commission found that Felton had committed a serious violation of Section 5(a)(2) of the Occupational Safety and

---

* The Honorable Elbert Parr Tuttle, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The petition is filed under the claimed authority of Section 11(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(a).

Health Act of 1970, 29 U.S.C. § 654(a)(2).[2] We deny Felton's petition.

So far as relevant, the facts are these: After Felton timely contested a citation issued by the Secretary of Labor, a hearing was held before a Commission hearing examiner. Felton appeared without counsel, by and through its company Safety Director, and presented evidence and put on a defense; however, the hearing examiner rejected certain of the company's proffered documentary evidence as being hearsay or without foundation. Following the hearing but before decision, an attorney representing Felton submitted briefs to the hearing examiner making one basic argument—that the Commission had failed to sustain its burden of proof. The hearing examiner then rendered his decision that a serious violation of the Act had been committed, affirming the contested citation. Felton did not thereafter petition the Commission for discretionary review.[3] Accordingly, after thirty days had elapsed without the Commission's directing such review *sua sponte,* the hearing examiner's order became the final order of the Commission.[4] This petition followed.

Felton now asserts, by the affidavit of its Safety Director, that prior to the hearing various government representatives led it to believe that the hearing would be informal in character, that it would be given an opportunity to present whatever materials or evidence it had in its defense, and that representation by an attorney was unnecessary to protect its interests. It therefore contends that the hearing examiner's rejection of proffered material documents under technical rules of evidence, particularly where it had not produced witnesses because it had been led to believe that written statements would be admissible, effectively emasculated its defense; and it asks that the Commission's order be vacated and the hearing reopened so that additional evidence may be adduced.

The Commission, on the other hand, argues that judicial review is precluded here because Felton, in failing to petition for discretionary review before the Commission, failed to exhaust its administrative remedies. We do not reach the exhaustion question.

Section 11(a) of the Act provides in part:

"No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

Here Felton clearly could have raised its objection at any time prior to rendition of decision—particularly in its briefs before the hearing examiner—and could have asked that the hearing be ordered reopened for the reception of additional evidence.[5] It did not do so. Under the

2. Section 5(a)(2) of the Act provides:
"(a) Each employer—
"(1) * * *
"(2) shall comply with occupational safety and health standards promulgated under this chapter."
The specific safety and health standard Felton was charged with having violated relates to the protection required for employees working in trenches. *See* 29 C.F.R. § 1926.652(b).

3. Rule 91 of the Commission's Rules of Procedure, 29 C.F.R. § 2200.91, provides:
"(a) A party aggrieved by the decision of a judge may submit a petition for discretionary review.
"(b) The petition must be received by the Commission at its offices in Washington, D. C. on or before the 25th day following receipt by the Commission of the judge's decision.

"(c) A petition should contain a concise statement of each portion of the decision and order to which exception is taken and may be accompanied by a brief of points and authorities relied upon. The original and three (3) copies shall be filed with the Commission.
"(d) Failure to act on such petition within the review period shall be deemed a denial thereof."

4. *See* Section 12(j) of the Act, 29 U.S.C. § 661(i).

5. Rule 66 of the Commission's Rules of Procedure, 29 C.F.R. § 2200.66, provides in pertinent part:
"It shall be the duty of the judge to conduct a fair and impartial hearing, to assure that the facts are fully elicited, to adjudicate all issues and avoid delay. The judge shall

circumstances, where Felton has made no showing why its objection was not raised before the Commission, § 11(a) of the Act precludes our considering it.

The petition for review is denied.

have authority with respect to cases assigned to him, between the time he is designated and the time he issues his decision, subject to the rules and regulations of the Commission, to:

\*    \*    \*    \*    \*    \*

"(h) Dispose of procedural requests or similar matters, including motions referred to the judge by the Commission and motions to amend pleadings; also to dismiss complaints or portions thereof, and to order hearings reopened or, upon motion, consolidated prior to issuance of his decision . . . ."