STOCKWELL MANUFACTURING COMPANY, Petitioner,

v.

William J. USERY, Secretary of Labor, United States Department of Labor, Respondent.

No. 75–1437.

United States Court of Appeals, Tenth Circuit.

May 18, 1976.

Orville Stockwell, Secretary, Stockwell Mfg. Co., Inc., Greybull, Wyo., for petitioner.

Michael H. Levin, Washington, D. C., Counsel for Appellate Litigation, and Marc R. Hillson, Atty., U. S. Dept. of Labor, Washington, D. C., for respondent.

Before HILL and SETH, Circuit Judges, and TEMPLAR, Senior District Judge.

TEMPLAR, Senior District Judge.

This proceeding comes to this Court by virtue of the claims asserted by petitioner Stockwell Manufacturing Company that certain of its constitutional rights were violated (1) when inspections were made of its small manufacturing plant in Greybull, Wyoming; (2) when it was forced to self-vilification by being required to post in a conspicuous place at its plant, a copy of the Secretary's citation; (3) when the Secretary's demands for "abatements" and penalties were made without due process; and (4) when its legally constructed and safely-

operated property was later condemned by a new law or regulation.

The basis for Stockwell's charges developed when a representative of the respondent inspected the property of petitioner for occupational safety and health hazards as authorized by Section 8(a) of the Occupational Safety and Health Act (29 U.S.C. § 657(a)).[1]

Following the inspection, Stockwell was cited for eighteen non-serious violations of the Act, and standards and regulations adopted as authorized by the Act, 29 U.S.C. § 655(a).

Thereafter, a hearing was conducted by an administrative judge of the Occupational Safety and Health Review Commission following notice served by Stockwell that he intended to contest the citation as permitted by 29 U.S.C. § 659(c).

The requested hearing was conducted at Worland, Wyoming, on June 6, 1974. The hearing judge, after hearing the evidence submitted by all parties, affirmed thirteen of eighteen alleged minor violations, dismissed five on evidentiary grounds, and vacated all proposed penalties imposed in the citation which had been issued by the safety specialist of the agency. The decision and order was mailed to Stockwell on March 18, 1975, and was filed April 7, 1975. The decision mailed to Stockwell was accompanied by a notice which stated that it would become the final order of the Commission 30 days from filing with that body (April 7, 1975) unless a member of the Commission

directs that it be reviewed. The notice also stated that Stockwell may petition for a review of the decision by the Commission if such petition is filed on or before May 7, 1975, which was 30 days after the decision was filed with the Commission. 29 U.S.C. § 661(i).

The record discloses that no member of the Commission directed that the decision be reviewed. The record also shows that on March 27, 1975, several days after it received the decision of the Commission, Stockwell, by letter stating among other things, "We offer no petition, or advice to the Commission regarding its review of this decision." No other notice, petition or request was thereafter made to the Commission by Stockwell.

The matter reached this Court when, on June 17, 1975, a petition for appellate review of the decision and order of the Commission, filed April 7, 1975, was filed. 29 U.S.C. § 660(a).[2] On October 3, 1975, this Court informed the parties that it was "considering summary dismissal" and requested submission on the question of whether the petition was timely filed, to which request the respondent responded that he viewed the petition for review as timely but moved to dismiss the proceeding for lack of jurisdiction because Stockwell never sought review of the adverse decision and order of the Commission. The court denied the respondent's motion to dismiss but ordered that the parties file briefs addressing both the merits and the jurisdictional issue presented by respondent's motion to dis-

---

1. 29 U.S.C. § 657(a) provides that:

"(a) *Authority of Secretary to enter, inspect, and investigate places of employment; time and manner.* In order to carry out the purposes of this Act, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized—

"(1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and

"(2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment

and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee."

2. 29 U.S.C. § 660(a) provides in pertinent part:

"Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 10 [29 USCS § 659(c)] may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred . . . by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside."

miss. The parties have prepared and presented their respective briefs and we have examined them and the complete transcript of the proceedings before the administrative judge.

The respondent now insists that because Stockwell did not petition the Commission for an administrative review, it failed to exhaust its administrative remedies.[3] Because a more serious defect appears from the record, the exhaustion of remedies issue will not be reached.

Stockwell's case has been presented by its Secretary. The statement and briefs presented by petitioner's secretary reveal serious dissent from the findings and final decision of the Commission. Nevertheless, a reading of the transcript of the hearing before the administrative judge persuades us that there is substantial evidence in the entire record, considered as it must be, from a standpoint of the declared objects and purposes of the Act, 29 U.S.C. § 651, to sustain the findings of the Commission. Under provisions of 29 U.S.C. § 660(a), they must, therefore, be considered as conclusive.

A search of the record fails to reveal that any of the contentions that its constitutional rights were violated, now advanced by Stockwell in its petition for review, were ever presented or attempted to be raised before the administrative judge or the Commission. Nor did petitioner undertake, as he might have, to request that the case be reopened and an opportunity afforded it to raise these issues now urged by it in this Court.[4]

Title 29 U.S.C. § 660(a) provides that in cases under the Act, "[n]o objection that has not been urged before the Commission shall be considered by the court, unless failure or neglect to urge such objection shall be excused because of extraordinary circumstances." Petitioner suggests in its brief that it should be excused from its failure to raise the issues it now presents because the violation of its constitutional rights amounts to "extraordinary circumstances," and can only be considered by this Court and could not be fairly decided by the Commission. Such contention does not amount to an "extraordinary circumstance." The facts upon which Stockwell now relies to sustain its claim that constitutional rights were violated were all known to it at and prior to the hearing before the administrative judge on June 6, 1974, on which occasion petitioner was afforded a full and unrestricted opportunity to present any objection it might have. Petitioner made no contention that its constitutional rights were invaded until its petition for review was filed in this Court.

We are obliged, under the circumstances, where no adequate showing has been presented why its objections were not raised before the Commission, to hold that no jurisdiction exists to consider the constitutional claims now raised by petitioner.[5]

In passing, we note, after reviewing the entire record before us, that no unlawful or illegal search and seizure occurred when the agent of the respondent visited and inspected the plant of petitioner.[6] Nor were such rights violated

**3.** 29 C.F.R. § 2200.91 provides:

"(c) A petition should contain a concise statement of each portion of the decision and order to which exception is taken and may be accompanied by a brief of points and authorities relied upon. The original and three (3) copies shall be filed with the Commission.

"(d) Failure to act on such petition within the review period shall be deemed a denial thereof."

**4.** 29 C.F.R. § 2200.66 provides, in part:

"It shall be the duty of the judge to conduct a fair and impartial hearing, to assure that the facts are fully elicited to adjudicate all issues and avoid delay. The judge shall have authority with respect to cases assigned to him,

between the time he is designated and the time he issues his decision, subject to the rules and regulations of the Commission, to:

. . . . .

"(h) Dispose of procedural requests or similar matters, including motions referred to the judge by the Commission and motions to amend pleadings; also to dismiss complaints or portions thereof, and to order hearings reopened or, upon motion, consolidated prior to issuance of his decision; . . ."

**5.** *Felton v. OSHRC,* 518 F.2d 49 (9th Cir.).

**6.** No objection was made to the search and the inspector was accompanied by an officer of Stockwell. Cf. *Lake Butler Apparel v. Secretary of Labor,* 519 F.2d 84, 88 (5th Cir.).

by what petitioner terms it was forced to vilify and publish at its own expense the respondent's unproved accusations.[7] No absence of due process exists[8] and the Act does not amount to a bill of attainder.[9]

The Petition for Review is DENIED and DISMISSED.

---

7. Requirement that employer post the citation in a conspicuous place to inform employees of the protections and obligations of the law does not violate any constitutional right. Cf. *Lake Butler v. Secretary,* supra.

8. See *Beall Construction Co. v. OSHRC,* 507 F.2d 1041, 1044 (8th Cir.), and *McLean Truck-*ing Co. v. OSHRC, 503 F.2d 8 (4th Cir.); *Clarkson Construction Co. v. OSHRC,* 531 F.2d 451 (10th Cir. No. 75–1070, filed January 21, 1976.

9. Bill of attainder and ex post facto laws apply to criminal acts and have no application here. *Johannesen v. U. S.,* 225 U.S. 227, 242, 32 S.Ct. 613, 56 L.Ed. 1066.