**AUSTIN BUILDING COMPANY, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Secretary of Labor, Respondents.**

No. 79–1114.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 17, 1980.

Decided May 8, 1981.

Steven R. McCown, Dallas, Tex. (Phillip R. Jones, also of Clark, West, Keller, Butler & Ellis, Dallas, Tex., with him, on brief), for petitioner.

Allen H. Feldman, Acting Counsel for Appellate Litigation, U. S. Dept. of Labor, Washington, D. C. (Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Nancy L. Southard, Acting Asst. Counsel for Appellate Litigation, Rita E. Seeligson, Atty., and T. A. Housh, Jr., Regional Sol., Washington, D. C., with him, on brief), for respondents.

Before SETH, Chief Judge, LOGAN, Circuit Judge, and TEMPLAR, District Judge *.

LOGAN, Circuit Judge.

Austin Building Company seeks review of an order of the Occupational Safety and Health Review Commission (OSHRC), finding Austin guilty of four serious and two nonserious violations of the Occupational Safety and Health Act (OSHA or the Act), 29 U.S.C. § 651 et seq. After a consolidated hearing covering the citations from two inspections, an administrative law judge

* Honorable George Templar of the United States District Court for the District of Kansas, sitting by designation.

found Austin guilty of the violations charged and assessed $900 in penalties. Since OSHRC did not exercise its discretion to review the report, the hearing report became the final order of OSHRC pursuant to 29 U.S.C. § 661(i).

The case arises from safety inspections conducted by the Occupational Safety and Health Administration at the construction site of the Jeffery Energy Center in St. Mary's, Kansas, where petitioner was one of several contractors building a power plant for Kansas Power and Light Company. As a result of the first inspection, conducted from November 15 through November 29, 1977, by compliance officer Hershel W. Hensley, the Secretary of Labor issued two citations charging Austin with serious violations for failing to provide or require personal protective equipment for employees working more than seventeen feet above the ground as required by 29 C.F.R. § 1926.-28(a) and for requiring employees to work near the edge of open-sided floors and floor openings which lacked guardrails or protective cables in contravention of 29 C.F.R. §§ 1926.500(b)(1) and (d)(1). Petitioner was also cited for nonserious violations of 29 C.F.R. §§ 1926.25(a) and 29 C.F.R. 1926.-400(a) for exposing employees to a tripping hazard and for permitting employees to use electrical equipment with unprotected electrical leads. On December 28, 1977, a second inspection was conducted in response to an employee complaint about insecure scaffolding and an injury to an employee who fell through the scaffolding on December 22, 1977. After this investigation, Austin was cited for a serious violation of 29 C.F.R. § 1926.451(a)(12) for failing to secure the planking on a scaffold deck.

The Secretary proposed a penalty of $600 for the three serious violations cited after the first inspection and $300 for the serious violation found in the second inspection. See 29 U.S.C. § 659(a). Austin contested the Secretary's citations within the time limit prescribed by 29 U.S.C. § 659(c).

Our jurisdiction is based on 29 U.S.C. § 660(a), which provides that the Commission's findings of fact are conclusive if supported by substantial evidence in the record considered as a whole. *See Stockwell Mfg. Co. v. Usery*, 536 F.2d 1306, 1309 (10th Cir. 1976). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). *See also Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951). We also may set aside agency conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

## I

The facts giving rise to the charge of violation of 29 C.F.R. § 1926.28(a) (1979) follow. During the first inspection, compliance officer Hensley observed two Austin employees welding metal brackets to a steel column at the first elevation of a fly ash silo on the site. Notwithstanding petitioner's assertions, photographic evidence shows the welder was balancing with one foot on a midrail above the flooring and the other foot on the midrail of a stairway which was pushed up against the building but not attached to it. Testimony established that he was approximately nineteen feet above the ground. The other employee, who was handing metal brackets to the welder, was standing on the first floor elevation, seventeen feet six inches above the ground.[1] The area below was littered with construction equipment and angle iron. Neither employee was using a safety belt or other safety device.

In challenging the Commission's finding that it violated 29 C.F.R. § 1926.28(a), Austin contends that (1) the regulation is unconstitutionally vague and therefore unenforceable, (2) the regulation is void because the Secretary failed to comply with require-

ments of the Administrative Procedure Act (APA) in amending the provision, (3) the Secretary failed to establish the elements of a violation of section 1926.28(a), and (4) the employees' misconduct was an unforeseeable, isolated occurrence.

## A

■ In considering a challenge that an administrative regulation is void for vagueness, we do not view the language of the statute as an abstraction or apply it in hypothetical fact situations; rather we judge the regulation in the light of the conduct to which it is applied. *United States v. National Dairy Corp.*, 372 U.S. 29, 36, 83 S.Ct. 594, 599, 9 L.Ed.2d 561 (1963); *Brennan v. OSHRC and Santa Fe Transport Co.*, 505 F.2d 869 (10th Cir. 1974).

■ 29 C.F.R. § 1926.28(a) reads as follows: "*Personal protective equipment.* (a) The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions or where this part indicates the need for using such equipment to reduce the hazards to the employees."

In *Jensen Constr. Co. v. OSHRC*, 597 F.2d 246 (10th Cir. 1979), we upheld that same regulatory provision against a challenge of impermissible vagueness and upheld the Commission's finding of a violation. We have considered each of Austin's attempts to distinguish the instant case from *Jensen* and find them unpersuasive. In *Jensen* the construction company permitted its employees to work astride structural beams seventeen to twenty-three feet above a travelled expressway with no protective equipment. In the instant case, the welder was balancing with each foot on a narrow railing, approximately nineteen feet above the ground, which was littered with equipment and angle iron. In *Jensen* and this case, the hazardous conduct could have been discovered simply by checking the employee's position.

---

1. Testimony established that the second employee was standing inside a cable of some sort. Whether this was a guardrail affording protection or merely a welding cable is a point of conflicting evidence.

The fact that the employee in this case apparently was exposed to the hazardous condition for a shorter period of time than the employees in the *Jensen* case does not require a different result. The regulation makes no exception for hazardous conditions of short duration. Austin points out that if the employee fell straight down he could have landed on the stairway platform only eighteen inches below. This possibility of a fortunate fall does not cure the hazardousness of the situation since it does not disspell the real possibility that the employee would fall away from the platform. Thus, we hold that the regulation, as it applies here, is not void for vagueness.

### B

■ Austin also argues the Secretary failed to establish that the welder's activity involved a recognized hazard or that the employer failed to require personal protective equipment. As we have indicated in comparing the instant case with *Jensen*, we believe the fall hazard here was obvious. It was unnecessary in this case for the Secretary to establish a hazard recognized by the construction industry. *See CTM, Inc. v. OSHRC*, 572 F.2d 262, 264 (10th Cir. 1978). *Cf.* S&H Riggers & Erectors, 1979 OSHD ¶ 23,480, p. 28,438 (fall hazard established when a reasonable person familiar with the circumstances would recognize a hazard requiring protective equipment). The administrative law judge found that Austin recognized the hazardous condition. That finding is supported by substantial evidence in the record; the employer's own written safety policy required protective equipment for all employees working at elevations of four feet or higher. It contained no variance or exception for tack welding above that height.

### C

■ Austin next contends that 29 C.F.R. § 1926.28(a) has been rendered invalid and unenforceable by the Secretary's failure to comply with 5 U.S.C. § 553 and 29 U.S.C. § 655(b) in amending this section.[2] As we have indicated, our jurisdiction in this case is predicated on 29 U.S.C. § 660(a), which limits the scope of our review to consideration of objections raised in the proceeding below. "No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." *Id.* Austin did not raise its objection with respect to section 1926.28(a) in the proceeding below, nor has the company suggested to this Court any extraordinary circumstances which could excuse the failure to make the objection below. We are, therefore, without jurisdiction to consider this objection. *Cf. Stockwell Mfg. Co. v. Usery*, 536 F.2d 1306 (10th Cir.) (no jurisdiction exists under 29 U.S.C. § 660(a) to consider claim of deprivation of constitutional rights not raised by petitioner in proceedings before the hearing judge).

### D

■ Austin argues there was no evidence that the employer had knowledge of the violation; it claims the record establishes that the employee's conduct was an isolated occurrence. The Secretary has the burden of showing that the employer knew or, with the exercise of reasonable diligence, could have known of the likelihood of the noncomplying condition or practice.[3] *See Mountain States Tele. & Tele. Co. v.*

2. As originally promulgated, 29 C.F.R. § 1926.-28(a) read:

"The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions *and* where this part indicates the need for using such equipment to reduce the hazards to the employees."
(Emphasis added). On December 16, 1972, the Secretary of Labor revised the construction standards found in Part 1926 and substituted the word "or" for "and." *See* 37 Fed.Reg. 27503 *et seq.* The Secretary stated that he found it unnecessary to comply with the APA notice and comment requirements because no substantive changes were made in the regulations.

3. 29 U.S.C. § 666(j) provides:
"For purposes of this section, a serious violation shall be deemed to exist in a place of employment if there is a substantial proba-

*OSHRC,* 623 F.2d 155 (10th Cir. 1980); *National Realty and Constr. Co. v. OSHRC,* 489 F.2d 1257, 1262–63 (D.C.Cir.1973). The employer may defend by showing that the violation was an unforeseeable occurrence. Evidence that the employer effectively communicated and enforced safety policies to protect against the hazard permits an inference that the employer justifiably relied on its employees to comply with the applicable safety rules and that violations of these safety policies were not foreseeable or preventable. *Id. See Western Waterproofing Co. v. Marshall,* 576 F.2d 139, 144 (8th Cir.), *cert. denied,* 439 U.S. 965, 99 S.Ct. 452, 58 L.Ed.2d 423 (1978).

Austin contends the record evidence showing its written policy requiring protective equipment for employees working four feet or more above ground, its frequent safety meetings, and its enforcement of safety rules required a finding that this conduct was an isolated and, thus, unpreventable occurrence. The administrative law judge made no express finding relating to whether Austin knew or should have known of the hazardous conduct, but held that Austin had failed to establish the affirmative defense that this conduct was an unforeseeable, isolated occurrence. Our task is to determine whether this conclusion is supported by substantial evidence.

The general foreman supervising the employees involved here testified that he did not know these employees were working without protective equipment. His testimony also indicated that he would not expect the employees to tie off safety belts in this situation.

"Q  Now were you or any of your foreman [sic] aware that these individu-

als were performing this function without a safety belt?

A  No, I was not aware of it.
   On something like this where they are going up and just tack welding, he probably would not have his belt tied, I don't know.

.        .        .        .        .

Q  Now, if you have one of your employees in a situation where you felt he was required to use a safety belt to tie off and he was not using it, what would you do?

A  Probably run him off.

Q  Have you, in fact, had to run anyone off at this jobsite?

A  Not just over not tying off, no.

Q  Have your employees, in fact, complied with the requirements of tying off in adequate situations?

A  Yes."

Record vol. II at 75–76.

▮▮▮  We believe the evidence was sufficient to permit the administrative law judge to find that the employer's knowledge met the required standard, *i. e.,* that the company knew or could have known, with the exercise of reasonable diligence by the inspection of the foreman, that this hazardous practice exists.[4] These comments are not made by an uninvolved observer hazarding a guess about the conduct of employees. They are an assessment of probable job practices, made by employer's representative charged with overseeing the employees and maintaining safe practices. Moreover, the employee welding in this precarious spot was easily observable. A diligent foreman checking the safety of his workers should have discovered the hazardous conduct.

---

bility that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."

4. The fact the judge did not expressly indicate this finding is not a fatal flaw under the cir-

cumstances presented here. His opinion indicates that he believed Austin should have known of the hazardous practice. He considered and rejected the employer's affirmative defense of isolated occurrence, necessarily implying that a prima facie case had been established by the Secretary. *Cf. Bethlehem Steel v. OSHRC,* 607 F.2d 1069 (3d Cir. 1979) (remand to administrative law judge when no basis for findings and conclusions is discernable from the judge's opinion).

The foreman's testimony also indicates Austin's safety program did not effectively communicate the need for guarding against this particular risk, and thus provides a substantial basis for rejecting the affirmative defense of isolated occurrence. Indeed, the foreman's testimony indicates acceptance of the conduct. *See NLRB v. Columbia Enameling & Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939).

## II

Austin also contends that the Secretary failed to establish a violation of 29 C.F.R. § 1926.451(a)(12) which provides: "[a]ll planking of platforms shall be overlapped (minimum 12 inches), or secured from movement." Although there was some testimony the plywood boards overlapped the pick boards, the record does not establish the length of overlap of the plywood boards which formed the scaffolding platform or, indeed, whether they overlapped at all. The Secretary and OSHRC concede that compliance with the standard may be achieved by overlapping scaffold planking rather than by securing the planking from movement. They assert, nevertheless, that Austin failed to carry the burden of proving that an overlap of twelve inches existed. The Secretary has the burden of establishing a violation; the employer has no need to defend until a violation is established by evidence. We hold that because the record does not establish both a failure to overlap scaffolding twelve inches and a failure to secure the planks, no violation of section 1926.451(a)(12) was proved. Thus, the Commission's finding of a violation and the penalty of $300 for it are reversed.

## III

Austin raises several objections to the remaining findings of violations. After carefully examining these contentions we find them to be without merit. We conclude that the remaining holdings are supported by substantial evidence on the record as a whole.

Except as to the section 1926.451(a)(12) finding the order is affirmed.