**INTERNATIONAL BUSINESS INVESTMENTS, INC.,**
Plaintiff,

v.

**The UNITED STATES of America, Defendant.**

No. 543–87C.

United States Claims Court.

July 25, 1990.

Donald E. Barnhill, San Antonio, Tex., for plaintiff.

---

**80**

Paula J. Barton and Mark H. Duesenberg, with whom were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Peterson, Asst. Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

SMITH, Chief Judge.

This case comes before the court on defendant's motion for reconsideration of Part II of the court's March 16, 1990 opinion. For the reasons set forth below, defendant's motion for reconsideration is GRANTED.

The relevant facts are set forth in an earlier published opinion, *International Business Investments v. United States,* 19 Cl.Ct. 715 (1990), and need not be restated here. The question presented is whether the government's exercise of options to renew a contract after the effective date of the Prompt Payment Act, 31 U.S.C. §§ 3901–3906 (1988) (PPA), are subject to the PPA's penalty provisions, when the underlying contract was executed before the effective date of the PPA. In its earlier ruling, the court granted plaintiff's motion for summary judgment in part, concluding that the contractual options to renew should be treated as new contracts and thus, options exercised after the effective date of the PPA were subject to the PPA. Upon reconsideration, the court concludes that its earlier ruling was in error.*

As Judge Nettesheim, when ruling on a similar matter, pointed out in *Ocean Technology v. United States,* 19 Cl.Ct. 288 (1990), when an administrative agency is charged with implementing a statute, that agency's interpretation of the statute normally should not be disturbed by a court. *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

■ In this area the regulatory line that the Office of Management and Budget (OMB) has drawn is clearly entitled to con-

clusive deference in accordance with *Chevron.* That line is a bright one. The critical question under it becomes whether a contract was entered into before or after the effective date of the PPA. Here that distinction is dependent upon another test: whether an option when exercised is a new contract (therefore entered into after the effective date of the PPA) or whether it is a continuation of the former (pre-PPA) contract.

■ In answering that question this court erred. The court relied on Professor Corbin's analysis that options when exercised are new contracts. *See* 1A Corbin on Contracts, § 264, at 507 n. 44 (1963). However, that analysis only applies to options where the exclusive, or at least the primary, purpose of the original contract was to obtain the option. With respect to other options the government is correct in its analysis, that is, an option should be treated as a continuation of the original contract. Therefore, in this case, the analysis shifts to whether the option was the exclusive or primary focus of this pre-PPA contract. Clearly the answer must be no. In fact, nothing in the record suggests that the option was other than an incidental part of the purpose behind the government's contracting with IBI. The purpose of the contract was to obtain security services. A but-for test clearly reveals this.

In its earlier ruling this court relied upon a decision of the ASBCA in *Honeywell Systems, Inc.,* ASBCA No. 36227, 89–1 BCA ¶ 21,258 (1988). This court's opinion noted that the ASBCA in *Honeywell* treated the exercise of options to renew a contract, exercised after the PPA's effective date, as new contracts, even though the underlying contract was entered into before the PPA's effective date. Upon several rereadings, it appears that the ASBCA also misapplied Professor Corbin's analysis.

While this court's earlier ruling sets out a clear rule, it is a rule that is neither fully supported by Professor Corbin nor, much

---

* On July 25, 1990, plaintiff's counsel informed the court by telephone that plaintiff waived its

right to file a written response to the government's motion for reconsideration.

more importantly, consistent with the Supreme Court's mandate in *Chevron.* The OMB is the part of the government that Congress vested with this responsibility, not the courts. Therefore, part II of the court's March 16, 1990 opinion, 19 Cl.Ct. 715, is VACATED. Pursuant to the court's March 16, 1990 opinion, as modified herein, the Clerk is directed to enter judgment in favor of plaintiff in the amount of $3603.68, plus interest under the Contract Disputes Act, 41 U.S.C. § 611, running from December 22, 1986.