INTERNATIONAL BUSINESS
INVESTMENTS, INC.,
Plaintiff,

v.

The UNITED STATES, Defendant.

No. 543–87C.

United States Claims Court.

Oct. 29, 1991.

Donald E. Barnhill, San Antonio, Tex., for plaintiff.

Deborah A. Bynum, with whom were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Peterson, Asst. Director, Commercial Litigation Branch, U.S. Dept. of Justice, Washington D.C., for defendant.

## OPINION

SMITH, Chief Judge.

International Business Investments, Inc. ("IBI") seeks an award of its attorneys' fees in the amount of $14,659.02 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. IBI's request must be denied because IBI was not a prevailing party and, even assuming it was, the government's litigation position was substantially justified.

## FACTS

IBI and the United States Navy entered into a contract on September 28, 1981, whereby IBI was to provide security guard services at the Naval Air Station in Key West, Florida. The contract provided for a two-percent discount for prompt payment

within twenty days after the Navy's receipt of a proper invoice.

During the course of the contract, statutorily mandated wage increases were incorporated into the contract. These wage modifications necessarily increased the amount of each invoice submitted by IBI to the Navy. A dispute arose when the prompt payment discount taken by the government also increased by two percent of the increased wages.

IBI filed a claim with the Navy's contracting officer seeking all the prompt payment discounts taken, as well as interest under the Prompt Payment Act, 31 U.S.C. §§ 3901–3906 (1982) (PPA). The contracting officer agreed that the Navy overdiscounted its payment by $3,603.68 and awarded interest pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601–613 (1982) (CDA). However, the contracting officer declined to award interest under the PPA. In addition, the contracting officer declined to pay the full amount of all prompt payment discounts taken (about $42,000), finding that the Navy had acted in good faith.

IBI then filed its claim in this court. The court found that plaintiff was only entitled to recover the $3,603.68 discount related to the wage increases plus interest under the CDA.[1]

## DISCUSSION

### 1. PREVAILING PARTY

■ The EAJA allows an award of fees and other expenses to a prevailing party if the court finds that the government's litigation position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A) (1988). The parties dispute whether IBI is a prevailing party within the meaning of EAJA. "Plaintiffs may be considered 'prevailing parties' for attorney fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *citing*

1. Initially, the court found that plaintiff was entitled to interest under the PPA. *International Business Investments, Inc. v. United States,* 19 Cl.Ct. 715 (1990). However, on reconsideration, the court amended its original decision eliminating the interest award under the PPA. *International Business Investments v. United States,* 21 Cl.Ct. 79 (1990).

*Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978). IBI asserts that it is a prevailing party as a result of the court's award of $3,603.68, plus interest under the CDA. The government counters that while IBI recovered the overdiscounted amount and interest, the court in effect affirmed the decision of the contracting officer, leaving IBI in the same position as it occupied before bringing suit.

■ While IBI did receive a judgment in its favor, the central issues of whether IBI was entitled to a refund of all prompt payment discounts and interest under the PPA were resolved in favor of the government. A plaintiff is not considered a prevailing party for purposes of an attorney fee award if "the plaintiff, at the end of the case, is not entitled to a judgment by the court, inasmuch as he has received, through administrative action, all the benefits to which he is entitled." *Lord v. United States,* 2 Cl.Ct. 749, 757 (1983). *See also, Beall Construction Co. v. Occupational Safety and Health Review Commission,* 507 F.2d 1041 (5th Cir.1975) (petitioner not a prevailing party for attorney fee purposes where court affirmed findings of administrative agency).

In the instant case, although IBI received a judgment in its favor, it received only the benefits it had previously been awarded through administrative action. In seeking review of the contracting officer's decision, IBI sought all prompt payment discounts taken by defendant and interest under the PPA. Instead, the court agreed with the contracting officer's finding that IBI was entitled only to the overdiscounted $3,603.68 plus interest under the CDA. Thus, IBI is in precisely the same position as it was prior to this action; it has not succeeded on any significant issue in the litigation nor has it obtained any of the benefits it sought from the court. Accordingly, the court finds that IBI is not a prevailing party for the purposes of the EAJA.

## 2. SUBSTANTIAL JUSTIFICATION

■ Even if IBI were a prevailing party, the court would have to find that the government's litigation position was not substantially justified in order for IBI to recover attorney fees. "Substantially justified" does not mean " 'justified to a high degree', but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1987).

IBI contends that the government was not substantially justified in its denial of liability for the discounts taken on the invoice increases resulting from the new wage determinations. However, in its motion for summary judgment, the government conceded that it overdiscounted in a good faith misinterpretation of the contract. During litigation, the government never argued that IBI was not entitled to the overdiscounted amount. Rather, the government asserted that IBI should not be awarded all prompt payment discounts taken from October 1982 nor interest under the PPA. Thus, the government's litigation position ultimately mirrored the opinion of the court: IBI was entitled to the $3,603.68 overdiscounted by the Navy, but not to interest under the PPA. It is clear then that the government's position had a "reasonable basis in both law and fact." *Id.*

## CONCLUSION

IBI is not entitled to an award of attorney fees under the EAJA. IBI is not a prevailing party as it received no benefit sought by bringing suit. Moreover, it is clear that the government's position was substantially justified. Accordingly, plaintiff's application for attorney fees is DENIED.

It is so ORDERED.