# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3287

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　District of North Dakota.
Sheyenne Tooling & Manufacturing　　*　　　[UNPUBLISHED]
Co., Inc.,　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*

_____

Submitted:　March 10, 1998

Filed:　August 27, 1998

_____

Before WOLLMAN and LOKEN, Circuit Judges, and BATAILLON,[1] District Judge.

_____

PER CURIAM.

---

[1]The HONORABLE JOSEPH F. BATAILLON, United States District Judge for the District of Nebraska, sitting by designation.

Sheyenne Tooling and Manufacturing Co., Inc. (Sheyenne) appeals from the district court's[2] denial of its request for attorney fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. We affirm.[3]

Sheyenne operates a metal production facility in Cooperstown, North Dakota. On August 4, 1995, the government filed an action against Sheyenne for violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., and of various regulations issued thereunder. On December 30, 1996, the district court found that Sheyenne had violated the Act and the regulations. In proposed settlement discussions, the United States recommended and sought a penalty of $336,000.00. The court assessed penalties against Sheyenne in the amount of $60,150.00. Sheyenne then sought attorney fees as a prevailing party pursuant to 28 U.S.C. § 2412(b).

To be considered a prevailing party under the EAJA, the party must receive at least some relief on its claim. See Securities and Exch. Comm'n v. Comserv Corp., 908 F.2d 1407, 1412 (8th Cir. 1990). We agree with the district court that Sheyenne is not a prevailing party. The United States successfully sought the imposition of a penalty against Sheyenne. The fact that Sheyenne's penalty was substantially less than that sought did not transform Sheyenne into a prevailing party. See Beall Constr. Co. v. Occupational Safety and Health Review Comm'n, 507 F.2d 1041, 1047 (8th Cir. 1974).

Sheyenne points to a recent amendment to the EAJA under which attorney fees may be awarded when "the demand by the United States is substantially in excess of the judgment finally obtained by the United States and is unreasonable when compared

---

[2]The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

[3]Given the unique circumstances of this case, we deny the government's motion to dismiss the appeal as untimely taken.

with such judgment . . . ." 28 U.S.C. § 2412 (d)(1)(D). This provision, however, is effective only with respect to cases filed on or after March 29, 1996, and therefore does not apply in this case.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.