**BUCKEYE INDUSTRIES, INC.,**
Petitioner,

v.

**SECRETARY OF LABOR, OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, Respondents.**

No. 76–1467.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1979.

Rehearing and Rehearing En Banc
Denied March 12, 1979.

---

J. P. Jones, Peter Reed Corbin, Jacksonville, Fla., for petitioner.

Ray H. Darling, Jr., Exec. Sec., OSHRC, Benjamin W. Mintz, Assoc. Sol. of OSHRC, William Kilberg, Sol. of Labor, Marc Hillson, Atty., Michael H. Levin, Atty., U. S. Dept. of Labor, Allen H. Sachsel, Atty., Appellate Section, Rex E. Lee, Asst. Atty. Gen., Civil Div., Dept. of Justice, Washington, D. C., for respondents.

PETITION FOR REVIEW OF AN ORDER OF THE OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION.

Before TUTTLE, TJOFLAT and HILL, Circuit Judges.

TUTTLE, Circuit Judge:

This is a petition by Buckeye Industries, Inc., for review of an order of the Occupational Safety and Health Review Commission (the Commission). The Commission found that Buckeye, a manufacturer of men's slacks, failed to comply with regulations establishing safety standards for guarding machinery [1] and to make available to compliance officers of the Occupational Safety and Health Administration (OSHA)

---

1. The Commission found that Buckeye had not complied with 29 C.F.R. § 1910.212(a)(3) (1977), in violation of 29 U.S.C. § 654(a)(2) (1970), in three instances for failing to provide point of operation guarding on its sewing machines, electric knives, and steam pressers. All the violations were cited as "nonserious," as defined by inference from 29 U.S.C. § 666(j) (1970), and the Commission imposed a penalty totaling $90 for these violations.

the annual summary of occupational injuries and illnesses for the year 1971.[2] In addition to several objections to the findings of the Commission, Buckeye asserts that the inspection which revealed the alleged violations was conducted in violation of the Fourth Amendment to the United States Constitution because entry was obtained without a search warrant. Because of the presence of this issue we have withheld decision awaiting the decision of the Supreme Court in *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). While we would normally agree with *Buckeye's* contention following *Barlow's* that the entry was unconstitutional, we find that this defense is not available to petitioner because of the principle of collateral estoppel.

In this case, as in *Barlow's,* a compliance officer of the Occupational Safety and Health Administration sought entry to the employer's premises to conduct a safety inspection. This was a routine entry and was not premised on any suspicion that Buckeye had violated provisions of the Act or regulations promulgated thereunder. As in *Barlow's,* entry was sought here under Section 8(a) of the Act, 29 U.S.C. § 657(a) (1970), the provision held unconstitutional by the Supreme Court to the extent that it purported to authorize warrantless searches in contravention of the Fourth Amendment.

Here, when the plant manager refused entry to the compliance officer, the latter withdrew in accordance with regulations governing inspections.[3] Thereupon the Secretary of Labor petitioned the United States District Court for an order compelling Buckeye to submit to inspection. The court issued a show cause order, whereupon Buckeye challenged the jurisdiction of the court to hear the Secretary's petition, contending that nothing in the statute expressly authorized the Secretary to file suit, and challenged the constitutionality of Section 8(a) of the Act. Holding against the employer on both of these issues, the trial court entered an order requiring Buckeye to grant prompt admission to the OSHA agent. *Brennan v. Buckeye Industries, Inc.,* 374 F.Supp. 1350 (S.D.Ga.1974). Buckeye filed its notice of appeal to this court and moved in both the district and circuit courts for a stay of the order pending appeal. These motions were denied. Buckeye thereupon sought stays from three Justices of the United States Supreme Court. Each of these applications was denied. Thereafter, Buckeye dismissed its appeal, with the approval of the trial court.

Following the dismissal of the appeal, the OSHA officers returned to Buckeye's factory, where they were admitted and the inspection was completed. The Commission issued citations for the violations listed above, *see* footnotes 1 and 2, *supra,* and notification of proposed penalty. Buckeye then filed Notice of Contest with the Department of Labor, the Secretary filed his complaint before an administrative law judge of the Commission, and Buckeye answered. Buckeye's answer denied the Secretary's allegations of violations and reasserted its constitutional objection to Section 8(a). The administrative law judge ruled that the search was constitutional and denied Buckeye's motion to suppress the evidence obtained from the investigation.

A hearing was held on the merits of the controversy. The judge rendered his decision vacating the safety guarding citations and sustaining the record keeping citation. The Secretary then filed his petition for discretionary review with the Commission, which reversed the administrative law judge on his disposition of the safety guarding citations and affirmed his decision regarding the record keeping violation. Buckeye then filed its petition for review to this court and moved the Commission to

---

**2.** The finding was that "Buckeye had violated 29 C.F.R. § 1904.7 (1977), and therefore 29 U.S.C. § 654(a)(2) (1970)." The citation was for a nonserious violation, *see* note 1, *supra,* and a penalty of $50 was assessed.

**3.** 29 C.F.R. § 1903.4 (1977) provides that upon refusal to permit compliance officers to inspect, the inspection is to cease and the matter is to be referred to superior administrative officials, "who shall promptly take appropriate action, including compulsory process, if necessary."

stay its order pending the disposition of this review. The Commission granted the motion for a stay.

■ The unconstitutionality of warrantless searches under Section 8(a) has been determined by the Supreme Court in *Barlow's*. However, the Secretary challenges the right of Buckeye to raise the issue on this appeal from the Commission's imposition of penalties on the ground that the issue has been fully litigated in the district court case and decided against Buckeye, which voluntarily dismissed its appeal. The Secretary relies on the principle of collateral estoppel. The employer counters by asserting that the statute authorizing judicial review of an order of the Commission prevents the Secretary from raising the issue of collateral estoppel in this court because it was not raised before the Commission. This argument is based upon the language of 29 U.S.C. § 660 which, in relevant part, provides as follows:

(a) Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 659 of this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, . . . by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside. . . . No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.

. . .

It would be frivolous to argue that the principle of collateral estoppel, if available to the Secretary, would not apply in this case. In an action filed by the Secretary against Buckeye, the latter raised the defense that a warrantless search under Section 8(a) of the Act was unconstitutional. The trial court expressly overruled this contention. Buckeye initially filed its notice of appeal, but when it was unable to obtain a

stay pending appeal, it voluntarily dismissed the proceedings in this court. Both parties here cite *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948) as establishing the controlling principle in such a situation:

[m]atters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other party, he cannot later renew the duel.

*Id.* at 598, 68 S.Ct. at 719.

We have said:

[t]his court has observed that the doctrine of collateral estoppel embodies three requirements: '(1) the issue to be concluded must be identical to that involved in the prior action; (2) in the prior action the issue must have been "actually litigated"; and (3) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.'

*International Ass'n of Mach. & Aero Workers v. Nix*, 512 F.2d 125, 132 (5th Cir. 1975).

Here the issue raised by Buckeye in the prior suit was the same issue it now seeks to raise in this appeal: may the Commission agents obtain access to a company's place of business without a warrant and without even a suspicion that violations exist? This is precisely the issue which the Supreme Court decided in *Barlow's*, on which Buckeye now seeks to rely as a basis for our overruling the action of the Commission. There is no question that in the prior action the issue was "actually litigated;" nor is there any question that the district court in the earlier action was required to decide the issue and that it was thus essential to the prior judgment.

We now come to the question whether the Secretary may rely upon estoppel. Arguing that he may not, Buckeye points to that part of the language of Section 660(a) quoted above which says: "No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

■ This language is part of a section which creates in any person "adversely affected or aggrieved by an order of the Commission" the right to seek court review. This right allows such a person to raise "objections" to the Commission's order, but such objections are generally limited to those "urged before the Commission." Since it is only the party "adversely affected or aggrieved" who raises "objections," this limitation does not speak to contentions raised by the responding party. Thus, the plain meaning of Section 660(a) is that it is only the party seeking review of the Commission's order who may not raise on appeal any "objections" not raised before the Commission. In this case, the party is Buckeye. Accordingly, Section 660(a) does not bar the Secretary as the responding party from raising before us the contention that Buckeye is estopped from attacking the constitutionality of Section 8(a).[4]

■ Moreover, it would have been utterly fruitless for the Secretary to have urged the principle of estoppel to Buckeye's constitutional claim before the Commission, because it is clear that the Commission could not, in any event, hold the statute unconstitutional. No administrative tribunal of the United States has the authority to declare unconstitutional the Act which it is called upon to administer. *Montana Chapter of Ass'n of Civilian Technicians v. Young*, 514 F.2d 1165, 1167–8 (9th Cir. 1975). *See Oestereich v. Selective Service Bd.*, 393 U.S. 233, 242, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); *Public Utilities Comm'n v. United States*, 355 U.S. 534, 539, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958). The administrative law judge in this case correctly said: "Any Fourth Amendment claim would then, if successful, require us to hold § 8(a) of the Act unconstitutional. We have no [such] power. . . ."

Clearly, then, there was no basis for the Secretary to raise the issue of estoppel to the constitutional claim asserted by Buckeye as a defense before the Commission. When, however, the employer seeks to raise

here again its constitutional argument, the Secretary properly challenges the availability of this defense in light of the earlier final judgment by the district court.

■ In sum, on this issue, we hold that the Secretary's reliance here on the doctrine of collateral estoppel is not "an objection" to the "order of the Commission" which is contemplated by the language of Section 660. Moreover, even though it were, the fact that the Commission had no authority to pass upon the constitutional question would be such "extraordinary circumstances" as would excuse the failure of the Secretary to urge it before the Commission which had no power to decide the issue.

Argued at the same time that this case was submitted to the court, *Marshall v. Gibson's Products, Inc.*, 584 F.2d 668 (5th Cir. 1978), has now been decided. In that case the court has held that an action such as that brought by the Secretary of Labor against Buckeye in the Southern District of Georgia is not authorized, and that a district court in which such suit is commenced lacks subject matter jurisdiction to entertain it. Buckeye still contends that the district court lacked such jurisdiction when the case was heard and disposed of by its unappealed decision. However, this issue is met by the same bar which we have just discussed with respect to the issue of the constitutionality of Section 8(a). The same issue having been raised in the district court, litigated there, and decided against the appellant, the latter is estopped by virtue of that judgment from raising it again. *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); 13 C. Wright, A. Miller and E. Cooper, Federal Practice & Procedure Jurisdiction § 3535, at 331 (1975). This is so even though we have decided in *Gibson's Products* that the district court's determination that it had subject matter jurisdiction was erroneous. 305 U.S. at 172, 59 S.Ct. 134; Wright at 331. We conclude, therefore, that our decision in *Gibson's* is not available to defeat the Secretary's claim here.

4. We do not reach the issue whether the Secretary might otherwise be barred from raising

this issue. Buckeye contends only that he is barred by Section 660(a).

We have carefully considered the other objections made by the petitioner, both as to other grounds of unconstitutionality of the regulations, and on the merits of the requirements and penalties imposed by the Commission. The claim that Buckeye was entitled to a jury trial before assessment of the civil penalties has now been resolved against petitioner's position in *Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977). The contentions as to the vagueness of the regulations [5] and the allocation of the burden of proof [6] under the regulations are clearly without merit.

The order of the Commission is in all respects AFFIRMED.

TJOFLAT, Circuit Judge, dissenting:

I dissent from the result reached by the majority in this case because I believe that 29 U.S.C. § 660(a) (1976) deprives this court of jurisdiction to entertain the Secretary's collateral estoppel objections. Section 660(a) provides, in pertinent part, "No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." This language makes no distinction between objections raised by the party petitioning the circuit court, Buckeye, and those raised by the party responding, the Secretary.[1]

Buckeye raised its constitutional objections before the Commission. Record, vol. 1, at 223. The Secretary, however, did not contend before the Commission that Buckeye was estopped from reasserting its constitutional claim by the undisturbed order of the district court rejecting that claim. The Secretary points to no "extraordinary circumstances" that might excuse his failure to raise the estoppel issue, and I discern none from the record. Therefore, I would give effect to the plain meaning of section 660(a) and not entertain the Secretary's contention.

The majority restricts the meaning of the word "objection" in section 660(a) to those objections raised by the petitioning party. The majority attempts to justify its interpretation by reference to the heading of the section, which reads, "Filing of petition by persons adversely affected or aggrieved . . . ." Apparently, the rationale is that only the petitioner objects. I think this an awkward and unjust reading of the statute.

I begin with the principle that where "the text of the statute is plain and unambiguous, there is no call to resort to the heading to aid in construing it." *United States v. Carrillo-Colmenero*, 523 F.2d 1279, 1283 (5th Cir. 1975). The objections that must be urged before the Commission to preserve them for review are not limited by the language of section 660(a) to those made by the petitioner, nor should they be. I view the objection requirement as one calling for the full and fair consideration of cases before the Commission. This salutary goal is defeated by allowing the respondent to raise issues for the first time before the circuit court. The majority's reading of section 660(a) allows the respondent, having remained silent before the Commission, to ambush the petitioner when he seeks review in this court. This result is inequitable to

---

5. The applicable regulation is found at CFR § 2910.212(a)(3)(ii):

> The point of operation of machines whose operation exposes an employee to injury, shall be guarded. The guarding device shall be in conformity with any appropriate standards therefor, or, in the absence of applicable specific standards, shall be so designed and constructed as to prevent the operator from having any part of his body in the danger zone during the operating cycle.

6. On this record we agree with the Commission that no issue of burden of proof as to possibility of performance arises here where *no* guards were used.

1. The requirement that no objections that have not been urged before the Commission can be entertained on review applies as well when a petition is brought by the Secretary under 29 U.S.C. § 660(b) (1976), which provides, in pertinent part, "The Secretary may also obtain review or enforcement of any final order of the Commission by filing a petition for such relief in the United States court of appeals . . . ., and the provisions of [§ 660(a)] shall govern such proceedings to the extent applicable."

the petitioner, who might not wish to bear the burden of review if aware of the respondent's objection.

But, the majority counters, "it would have been utterly fruitless for the Secretary to have urged the principle of estoppel to Buckeye's constitutional claim before the Commission, because it is clear that the Commission could not, in any event, hold the statute unconstitutional." *Ante*, at 235. I quite agree that an administrative tribunal is incompetent to declare unconstitutional the act it is entrusted to administer. *Spiegel, Inc. v. FTC*, 540 F.2d 287, 294 (7th Cir. 1976); *see Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). An administrative tribunal is, however, wholly competent to decide other questions of law, such as the operation of the doctrine of collateral estoppel. *See generally* 1 K. Davis, *Administrative Law Treatise* § 3:10 (2d ed. 1978). Therefore, the Commission could have decided that Buckeye's constitutional claim was barred. In this circumstance, it would never have had to reach the constitutional issue. Alternatively, the Commission could have decided that Buckeye's claim was not barred. In this instance, the Commission would not have reached the constitutional claim but would have done as it did below and reserved the issue for review by the court of appeals. In either event, Buckeye would have received the notice of the Secretary's objection to which it was entitled.

The majority's contention that because the Commission could not decide the constitutional issue of the propriety of the inspection of Buckeye's place of business, it would be fruitless to require the Secretary to assert his collateral estoppel objection is sophistic for another reason as well. Buckeye was required to assert its constitutional claim before the Commission, or that claim would have been barred by the action of section 660(a). *Todd Shipyards Corp. v. Secretary of Labor*, 566 F.2d 1327, 1331 (9th Cir. 1977); *Stockwell Mfg. Co. v. Usery*, 536 F.2d 1306, 1309 (10th Cir. 1976). Thus, it is no argument at all that because an administrative tribunal cannot decide an issue,[2] that issue need not be raised before it.

My final observation is that although the majority's reasoning rests heavily on the proposition that the respondent need not object to constitutional claims because of the inability of the Commission to decide them, its construction of section 660(a) is not limited to instances where constitutional claims are raised by the petitioner. Apparently, the majority is willing to allow the respondent to assert for the first time on review objections to evidentiary and procedural matters. I cannot believe that Congress intended such a result when it drafted section 660(a).

For these reasons, I must respectfully dissent. I would hold that the Secretary is precluded from raising the collateral estoppel defense. Therefore, I would give effect to the Supreme Court's decision in *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), and would vacate the Commission's order on the basis that the warrantless inspection of Buckeye's premises was unconstitutional.

---

2. Here, of course, the Commission was wholly competent to decide the collateral estoppel issue.