John W. McGOWAN, Petitioner,

v.

F. Ray MARSHALL, Secretary of Labor, and Occupational Safety and Health Review Commission, Respondents.

No. 77–3495.

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1979.

David K. McGowan, Jackson, Miss., for petitioner.

Lorelei Joy Borland, Atty., Office of the Solicitor, U. S. Dept. of Labor, Washington, D. C., for respondents.

Before THORNBERRY, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge:

In this appeal we are asked to review a determination of an administrative law judge in a proceeding under the Occupational Safety and Health Act (the Act), 29 U.S.C.A. §§ 651–678 (West 1975 & Supp. 1979), despite the fact that the appellant presented no petition for review to the Occupational Safety and Health Review Commission (the Commission). We decline to accept this invitation.

The appellant, John W. McGowan, is the sole proprietor of a firm which operates oil wells, some of which are located in Madison County, Mississippi. On March 4, 1976, this property was subjected to a warrantless

search by two OSHA compliance officers.[1] The appellant was subsequently cited for four OSHA violations.[2] The first alleged violation consisted of the employer's failure to instruct his employees in the recognition and avoidance of the unsafe practice of using gasoline for personal cleaning in violation of 29 C.F.R. § 1926.21(b)(2),[3] the use of a gasoline container not approved under 29 C.F.R. § 1926.152(a)(1),[4] and the maintenance of a gasoline container within fifty feet of a source of ignition in violation of 29 C.F.R. § 1926.152(f)(3).[5] The second cita-

tion alleged that the appellant had violated 29 C.F.R. § 1926.151(a)(2)[6] by locating an internal combustion engine in such a position that its exhausts were not well away from combustible oil. The third cited violation consisted of the employer's failure to comply with the reporting requirements of 29 C.F.R. § 1926.550(a)(1), (b)(2),[7] which pertain to cranes. The fourth citation charged that the employer had violated 29 C.F.R. § 1910.219(b)(1), (d)(1)[8] by failing to provide and maintain guards around pulleys

1. This search was conducted pursuant to 29 U.S.C.A. § 657(a) (West 1975) which provides the following:
 In order to carry out the purposes of this chapter, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized—
 (1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and
 (2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

2. The four citations were issued under the authority of 29 U.S.C.A. § 658(a) (West 1975) which, in pertinent part, provides the following:
 If, upon inspection or investigation, the Secretary or his authorized representative believes that an employer has violated a requirement of section 654 of this title, of any standard, rule or order promulgated pursuant to section 655 of this title, or of any regulations prescribed pursuant to this chapter, he shall with reasonable promptness issue a citation to the employer.

3. This regulation mandates that "[t]he employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury." 29 C.F.R. § 1926.21(b)(2) (1978).

4. 29 C.F.R. § 1926.152(a)(1) (1978) requires that "[o]nly approved containers and portable tanks shall be used for storage and handling of flammable and combustible liquids."

5. This regulation provides that "[f]lammable liquids may be used only where there are no

open flames or other sources of ignition within 50 feet of the operation, unless conditions warrant greater clearance." 29 C.F.R. § 1926.-152(f)(3) (1978).

6. 29 C.F.R. § 1926.151(a)(2) (1978) requires that "[i]nternal combustion engine powered equipment shall be so located that the exhausts are well away from combustible materials."

7. 29 C.F.R. § 1926.550(a)(1) (1978) provides the following:
 *General requirements.* (1) The employer shall comply with the manufacturer's specifications and limitations applicable to the operation of any and all cranes and derricks. Where manufacturer's specifications are not available, the limitations assigned to the equipment shall be based on the determinations of a qualified engineer competent in this field and such determinations will be appropriately documented and recorded. Attachments used with cranes shall not exceed the capacity, rating, or scope recommended by the manufacturer.
 29 C.F.R. § 1926.550(b)(2) (1978) requires that "[a]ll crawler, truck, or locomotive cranes in use shall meet the applicable requirements for design, inspection, construction, testing, maintenance and operation as prescribed in the ANSI B30.5–1968, Safety Code for Crawler, Locomotive and Truck Cranes."

8. These regulations provide, in pertinent part, that "[f]lywheels located so that any part is seven (7) feet or less above floor or platform shall be guarded in accordance with the requirements of this subparagraph . . ." 29 C.F.R. § 1910.219(b)(1) (1978), and that "[p]ulleys, any parts of which are seven (7) feet or less from the floor or working platform, shall be guarded in accordance with the standards specified in paragraphs (m) and (o) of this section." *Id.* § 1910.219(d)(1).

and flywheels. All violations were cited as being serious.[9]

In response to the Secretary's Notification of Proposed Penalty, which imposed fines of seven hundred dollars for each cited violation, the appellant notified the Secretary of his wish to contest the citations.[10] At the subsequent hearing, the appellant challenged the constitutionality of the Act, asserting that it constituted an invalid exercise of the commerce power and that its enforcement provisions denied him the right to jury trial provided by the sixth and seventh amendments. The petitioner also contended that the search of his premises violated the fourth amendment because it was conducted without a warrant. Each constitutional challenge was rejected by the administrative law judge.

Following the hearing, the administrative law judge vacated all portions of the first citation except the part pertaining to the petitioner's failure to provide an approved gasoline container.[11] Although this latter part of the first citation was sustained, the administrative law judge reduced it to the nonserious category and declined to assess penalty. The second and third citations were also vacated. The administrative law judge sustained the fourth citation as a serious violation, but reduced the penalty from seven hundred to fifty dollars.

Thirty days after the administrative law judge's final decision, Commissioner Robert D. Moran directed the review of the judge's order.[12] Both the appellant and the appellee were notified of this action and informed that unless one of the parties filed a brief with the Commission, the order directing review would be vacated and the administrative law judge's decision would become the Commission's final order. The appellant filed neither a brief in response to this notice nor a petition for discretionary review under 29 C.F.R. § 2200.91(a).[13] However, the appellant did file a motion for costs and attorney's fees. The Commission denied this motion and adopted the order of the administrative law judge.

9. A serious violation is defined by 29 U.S.C.A. § 666(j) (West 1975):

For purposes of this section, a serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation.

10. This procedure is established by 29 U.S.C.A. § 659(a) (West 1975) which provides the following:

If, after an inspection or investigation, the Secretary issues a citation under section 658(a) of this title, he shall, within a reasonable time after the termination of such inspection or investigation, notify the employer by certified mail of the penalty, if any, proposed to be assessed under section 666 of this title and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty. If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) of this section within such time, the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

11. In sustaining this portion of the first citation, the administrative law judge amended the complaint to reflect the fact that 29 C.F.R. § 1926.152(a)(1) (1978) applies only to the construction industry, of which the appellant is not a member, and that 29 C.F.R. § 1910.-106(d)(2)(i) (1978) pertains to industry in general. He thus substituted the standard of § 1910.106(d)(2)(i) for that of § 1926.152(a)(1). 29 C.F.R. § 1910.106(d)(2)(i) provides that "[o]nly approved containers and portable tanks shall be used."

12. This action is authorized by 29 U.S.C.A. § 661(i) (West Supp.1979) which provides that "[t]he report of the hearing examiner shall become the final order of the Commission within thirty days after such report by the administrative law judge, unless within such period any Commission member has directed that such report shall be reviewed by the Commission."

13. At the time pertinent to this case, 29 C.F.R. § 2200.91(a) (1977) provided that "[a] party aggrieved by the decision of a judge may submit a petition for discretionary review."

The petitioner appeals from this final order and raises three categories of issues. First, he both urges various nonconstitutional grounds for the reversal of the administrative law judge's decision and continues to assert that the search of his premises violated the fourth amendment. Second, the petitioner still presses his attack on the constitutionality of the Act as a whole and of its enforcement provisions in particular. Third, the appellant asserts that his motion for costs and attorney's fees was improperly denied. We shall address each category in turn.

I.

The appellant raises two nonconstitutional claims in this appeal. First, he contends that the administrative law judge was without authority to amend the first citation,[14] and, accordingly, that that citation should have been dismissed. Second, the petitioner argues that the administrative law judge's finding of the violation named in the fourth citation was not supported by the evidence. Third, the appellant raises a constitutional claim, other than his frontal attacks on the Act itself,[15] which consists of the assertion that *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), requires an employer's consent to sustain a warrantless search and that no such acquiescence was obtained prior to the search in this case. As a result, the appellant argues, all evidence procured by this search should have been excluded.

Before we can reach the merits of these claims, we must first determine if we have jurisdiction to entertain them. The Act provides that "[a]ny person adversely affected or aggrieved by an order of the Commission . . . may obtain a review

of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit . . . ." 29 U.S.C.A. § 660(a) (West 1975). However, "[n]o objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." *Id.*

The Secretary argues that section 660(a) requires that an employer petition the Commission to review the determination of an administrative law judge as a predicate to obtaining judicial review.[16] Our examination of the Act's administrative scheme leads us to conclude, as did the Third Circuit in *Keystone Roofing v. Occupational Safety & Health Review Commission*, 539 F.2d 960 (3d Cir. 1976), that the Secretary's interpretation is a reasonable one.[17]

The Occupational Safety and Health Review Commission was created by the Congress to carry out the adjudicatory functions of the Act. *See* 29 U.S.C.A. § 651(b)(3) (West 1975). The Commission is to be "composed of three members who shall be appointed by the President, by and with the advice and consent of the Senate, from among persons who by reason of training, education, or experience are qualified to carry out the functions of the Commission . . . ." *Id.* § 661(a). To assist the Commission in the performance of its functions, the Chairman is authorized to appoint administrative law judges, *see id.* § 661(d), who are directed to "hear, and make a determination upon, any proceeding instituted before the Commission and any

---

**14.** *See* note 11 *supra.*

**15.** These attacks on the facial constitutionality of the Act are discussed in section II *infra.*

**16.** The Commission's regulations allow aggrieved parties to submit such petitions. *See* note 13 *supra.*

**17.** We note that the Secretary's reasonable interpretation of the Act is entitled to great deference, particularly where, as here, the Secretary and the Commission are in accord. *See, e. g., Floyd S. Pike Electrical Contractor, Inc. v. Oc-*

*cupational Safety & Health Review Commission*, 576 F.2d 72, 75 & n.4 (5th Cir. 1978); *Irvington Moore, Division of U.S. Natural Resources, Inc. v. Occupational Safety & Health Review Commission*, 556 F.2d 431, 434 (9th Cir. 1977); *Clarkson Construction Co. v. Occupational Safety & Health Review Commission*, 531 F.2d 451, 457 (10th Cir. 1976); *Budd Co. v. Occupational Safety & Health Review Commission*, 513 F.2d 201, 204–05 & n.12 (3d Cir. 1975).

motion in connection therewith . . . ." *Id.* § 661(i). The administrative law judges are further directed to "make a report of any such determination which constitutes his final disposition of the proceedings. The report of the administrative law judge shall become the final order of the Commission within thirty days after such report by the administrative law judge, unless within such period any Commission member has directed that such report shall be reviewed by the Commission." *Id.* § 661(i). Commission regulations allow aggrieved parties to petition for such review. *See* 29 C.F.R. § 2200.91(a) (1978).

From this statutory and regulatory framework, several conclusions are apparent. First, the administrative framework established by Congress in the Act is a finely tuned machine designed to promote expert and consistent administration. Only because of its final decision-making power, exercised by means of its authority of discretionary review, is the Commission able to bring its expertise and unifying function to bear on cases that are channeled to it from the administrative law judges. It is thus essential that the division of labor between the Commission and the administrative law judges be maintained: the smooth functioning of the machinery depends upon this separation.

Second, the language of section 660(a) indicates that proceedings targeted towards the Commission, not those before the administrative law judges, are the predicate to judicial review. As the Third Circuit noted in *Keystone, supra,* 539 F.2d at 963, Congress has been perfectly able to express its intent to require, as a prerequisite to judicial review, only proceedings before an administrative law judge. *See, e. g.,* 29 U.S.C.A. § 160(e) (West 1973) ("[n]o objection that has not been urged before the [National Labor Relations] Board, its member, agent, or agency, shall be considered by the court . . . .") Section 660(a) precludes judicial review of issues not urged before the Commission; it does not mention the Commission's administrative law judges.

██ Third, the Commission's regulation allowing an aggrieved party to petition for discretionary review greatly aids the separation of functions so essential to the expert and uniform administration of the Act. By reviewing parties' petitions, Commission members will be alerted to issues which require the expert and unifying guidance that Congress intended them to provide. We are unable to conclude that a party is justified in bypassing this step that so enhances the Act's efficient administration; the Secretary's interpretation is a reasonable construction of the Act. Accordingly, we hold that absent extraordinary circumstances, a party is precluded from obtaining judicial review of a final order of the Commission if he has failed to pursue his administrative remedies either by neglecting to file a petition for discretionary review under 29 C.F.R. § 2200.91(a), or, in a case which has been directed for review, by failing to respond to the Commission's invitation to file briefs. Since the petitioner failed to file such a petition or brief in the instant case, his nonconstitutional and his fourth amendment claims [18] may not be the

---

18. The administrative law judge ruled that the appellant's superintendent in charge consented to the warrantless search by the two OSHA inspectors. Thus, it is clear that the appellant's fourth amendment claim rests upon a factual foundation—the issue of consent—and is distinguishable from his attacks on the facial constitutionality of the Act discussed in section II *infra.* There is ample authority supporting the proposition that the Act's exhaustion requirement applies to this type of factually-based constitutional claim. *See, e. g., American Airlines, Inc. v. Secretary of Labor,* 578 F.2d 38, 41 n.7 (2d Cir. 1978) (due process contention that regulation was improperly promulgated); *Todd*

*Shipyards Corp. v. Secretary of Labor,* 566 F.2d 1327, 1331 (9th Cir. 1977) (due process challenge to citation for failure to describe violation with sufficient particularity); *GAF Corp. v. Occupational Safety & Health Commission,* 183 U.S.App.D.C. 20, 561 F.2d 913, 918–19 (D.C. Cir. 1977) (due process contention that regulation was improperly promulgated); *Stockwell Manufacturing Co. v. Usery,* 536 F.2d 1306, 1309 (10th Cir. 1976) (warrantless search, self-incrimination claims). We perceive no basis in the Act or the regulations for a distinction between this type of constitutional claim and the nonconstitutional claims raised by the petitioner.

subject of judicial review unless extraordinary circumstances excuse his omission. We perceive no such circumstances here.[19]

The appellant argues that neither the Act nor the Commission's regulation gives notice of the consequences of the failure to petition for discretionary review.[20] Superficially, the petitioners position is appealing, for the Act does not explicitly require a petition for Commission review as a predicate to obtaining judicial review. However, at least on the facts of this case, we remain unconvinced that the appellant was not provided notice.

We reach this result for three reasons. First, undeniably the Act refers to objections not urged before the *Commission. See* 29 U.S.C.A. § 660(a) (West 1975). Given the fact that the Commission's regulations explicitly invite petitions for review, *see* 29 C.F.R. § 2200.91(a) (1978), the use of the term "Commission" should have cau-

tioned the appellant to file a petition with the Commission.

Second, *Keystone Roofing, supra,* was decided in 1976. Since the administrative law judge's decision was issued on March 7, 1977, the appellant should have been alerted to the possibility that section 660(a) would preclude judicial review of his objections if he did not petition the Commission for review.

Third, when Commissioner Moran directed review of the administrative law judge's decision, the petitioner was apprised of this action and sent explicit notice that review of his case by the full Commission depended upon his submission of a brief.[21] In light of the longstanding doctrine of exhaustion of administrative remedies, the appellant should have anticipated that judicial review would be precluded by his failure to employ the administrative remedies explicitly made available to him.[22]

---

**19.** This case stands in stark contrast to *RMI Co. v. Secretary of Labor,* 594 F.2d 566 (6th Cir. 1979), *Todd Shipyards Corp. v. Secretary of Labor,* 586 F.2d 683 (9th Cir. 1978), and *Brennan v. Occupational Safety & Health Review Commission,* 511 F.2d 1139 (9th Cir. 1975). In both *RMI* and *Todd Shipyards,* parties were allowed to raise issues before the reviewing court although these contentions had not been urged before the Commission. In each case, the party had sought and received discretionary review by the Commission. In that proceeding, however, it had been unable to air the contention considered by the reviewing court because that claim rested upon a case decided subsequent to the Commission's review. Appellant stands on a different footing because he completely failed to seek the Commission's review.

In *Brennan* the Secretary was allowed to raise a burden of proof issue in the court of appeals despite his failure to press the question before the Commission. The court decided to entertain the burden of proof claim because that procedural rule involved "a legal question fundamental in this and future cases and one properly before us under 5 U.S.C. § 706." *Brennan, supra* at 1143 n.4. No similar fundamental procedural question exists in the present case.

**20.** The Commission, quite commendably, has amended its regulation to cure this potential defect by adding the following sentence: "An aggrieved party that fails to file a petition for such review by the Commission may be foreclosed from court review of any objection to

the judge's decision." 29 C.F.R. § 2200.91(a) (1978).

**21.** The appellant contends that the letter he received in effect told him that it was undesirable and unnecessary for him to file a brief. No reasonable interpretation of this letter can lead to this conclusion:

This case is before the Commission pursuant to an order for review by a Commission member on his own motion.

If this case is to be considered, briefing is necessary in order to assure efficient rather than protracted proceedings. [citations omitted]. Therefore, consistent with Abbott-Sommer, Inc., 3 BNA OSHC 2032, 1975–76 CCH OSHD para. 20, 248 (No. 9507, 1976) and subsequent decisions relying thereon, the Commission will decline to review the Judge's decision and enter an order vacating the order for review which will be issued, *unless* one or more parties elect to file a brief addressed to any of the issues specified in the order for review. Any brief should contain the contentions of the party concerning the issues involved, the reasons therefor, citations to the authorities and parts of the records relied upon, and the relief that is sought. Any brief must be filed within thirty (30) days after the date of this notice.

**22.** The short answer to the petitioner's surprise argument was provided by the Supreme Court in *McGee v. United States,* 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). Speaking of a

## II.

 The jurisdictional question posed by appellant's attack on the facial constitutionality of the Act—whether section 660(a) precludes consideration of these claims also—deserves treatment different than that accorded his nonconstitutional and fourth amendment claims, for the Commission has no power to declare unconstitutional the Act that it is authorized to administer. *See Oestereich v. Selective Service Board*, 393 U.S. 233, 242, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). We hold that *Buckeye Industries, Inc. v. Secretary of Labor*, 587 F.2d 231 (5th Cir. 1979), controls the disposition of this jurisdictional question, and that, as a result, we have jurisdiction to entertain these constitutional contentions of facial invalidity.

In *Buckeye* the court was faced with the question whether it could consider the Secretary's collateral estoppel defense to the appellant's constitutional attack on section 8(a) of the Act [23] although the defense had not been raised in proceedings before the Commission. The court observed that

> it would have been utterly fruitless for the Secretary to have urged the principle of estoppel to Buckeye's constitutional claim before the Commission, because it is clear that the Commission could not, in any event, hold the statute unconstitutional. No administrative tribunal of the United States has the authority to declare unconstitutional the Act which it is called upon to administer.

*Id.* at 235. The court thus held that the absence of Commission authority to rule on

totally judicially created exhaustion requirement, the Court made the following statement: "Nor is it tenable to say that the doctrine is inappropriate when fashioned by judicial decision rather than specific congressional command. . . . The whole rationale of the exhaustion doctrine in the present context lies in purposes intimately related to the autonomy and proper functioning of the particular administrative system Congress has constructed." *Id.* at 483 n.6, 91 S.Ct. at 1568 n.6. This reasoning applies *a fortiori* when the requirement has been fashioned by Congress.

The appellant contends that an exhaustion requirement is applicable only to prevent the interruption of ongoing agency proceedings.

the constitutional question was, within the meaning of section 660(a), an "extraordinary circumstance" that excused the failure to urge the objection before the Commission.

This holding is equally applicable here. It would have been utterly fruitless for the appellant to have petitioned for the Commission's review of his constitutional attacks on the Act since the Commission could not have ruled on these claims. Accordingly, his failure to seek discretionary review of these objections is excused by extraordinary circumstances within the meaning of section 660(a).[24]

 Our holding that we can entertain these constitutional claims of the appellant, however, will afford him little comfort, for we find them to be totally devoid of merit. The Act is a constitutional exercise of the commerce power. *See Godwin v. Occupational Safety & Health Review Commission*, 540 F.2d 1013 (9th Cir. 1976). Furthermore, its enforcement provisions do not deprive the right to jury trial provided by the sixth or seventh amendments. *Brennan v. Winters Battery Manufacturing Co.*, 531 F.2d 317 (6th Cir. 1975), *cert. denied*, 425 U.S. 991, 96 S.Ct. 2202, 48 L.Ed.2d 815 (1976); *Frank Irey, Jr., Inc. v. Occupational Health & Safety Review Commission*, 519 F.2d 1200 (3d Cir. 1975), *aff'd*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977).

## III.

 Appellant contends that, as a prevailing party, he is entitled to attorney's

We direct him to *McGee* for a short answer to that contention.

23. For the text of section 8(a) of the Act, 29 U.S.C.A. § 657(a) (West 1975), see note 1 *supra*.

24. We do not imply that our jurisdiction to consider the attacks on the facial constitutionality of the Act necessarily depends on the existence of the "extraordinary circumstances" exception of section 660(a). We simply hold that the absence of Commission power to rule on the constitutionality of the Act falls within the exception provided by Congress.

fees and costs.[25] As an initial matter, we find it difficult to characterize the petitioner as a prevailing party in light of the fact that he was found to have committed two violations of the Act. At any rate, the Commission properly denied this motion, for the doctrine of sovereign immunity bars the award of attorney's fees and costs to be taxed against an agency of the United States unless there is Congressional authorization. *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131 (1926); *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131, 1132 (9th Cir. 1974); *Pyramid Lake Paiute Tribe of Indians v. Morton*, 163 U.S.App.D.C. 90, 91, 499 F.2d 1095, 1096 (D.C. Cir. 1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975). No authorization exists to support an award under the Occupational Safety & Health Act.

AFFIRMED.

**25.** We assume, but do not decide, that the appellant's motion for costs and attorney's fees, presented to the Commission in response to the agency's invitation for briefs, satisfied the exhaustion requirement of section 660(a).